**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

**CRIMINAL ACTION NO. 12-11-DLB-CJS**

**UNITED STATES OF AMERICA**                                                           **PLAINTIFF**

vs.         **ORDER ADOPTING REPORT AND RECOMMENDATION**

**JAMIEL BEARD**                                                                        **DEFENDANT**

*** *** *** ***

**I. Introduction**

Defendant has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 asserting two claims of ineffective assistance of counsel (Doc. # 53). More particularly, Defendant first alleges that his trial counsel was ineffective for failing to file a notice of appeal; and, second, that counsel was ineffective for failing to object to the Armed Career Criminal (ACC) enhancement.

Pursuant to the Court's local practice, the motion was referred to the presiding magistrate judge for a hearing, if necessary, and preparation of a report and recommendation. After convening an evidentiary hearing where both Mr. Beard and his trial counsel Robert Lotz testified, the Court entered a briefing schedule. Those briefs having been filed, and the Magistrate Judge having reviewed the record, including the transcript of Defendant's plea colloquy with the Court, considered the arguments of counsel, and weighed the credibility of Mr. Beard and Mr. Lotz, the Magistrate Judge entered her Report and Recommendation (R&R) (Doc. # 81). In her R&R, she made

1

certain factual findings regarding the first issue and concluded that no ineffective assistance of counsel had occurred (*Id.*) Defendant having now filed his objections to the R&R (Doc. # 82), the R&R and the Objections are ripe for review. For the reasons set forth herein, Defendant's objections are **overruled**, the R&R is **adopted** as the findings of facts and conclusions of law of the Court, and the motion to vacate is **denied**.

## II. Objections

In his objections, Defendant initially takes umbrage with the Magistrate Judge's Factual and Procedural History, arguing that her recitation of the facts and procedural history lead to an improper R&R. Defendant also takes issue with her rejection of his testimony that he instructed his attorney to file a notice of appeal on his behalf. Finally, he argues that the Magistrate Judge erred when she concluded and recommended that there was no ineffective assistance of counsel when counsel did not object to the armed career criminal designation. Each of these objections will be addressed in turn.

## III. Analysis

It is incumbent upon one seeking relief under 28 U.S.C. § 2255 to show that his conviction was the product of a fundamental defect in the proceedings which necessarily resulted in a complete miscarriage of justice or an egregious error violative of due process. *Gall v. United States*, 21 F.3d 107, 109 (6th Cir.1994). Pursuant to § 2255, a federal prisoner may seek habeas relief on grounds that his conviction or sentence violated the Constitution or laws of the United States, the court was without jurisdiction to impose the sentence, or the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a). Defendant alleges his counsel's

2

performance violated his Sixth Amendment right to counsel by failing to file a notice of appeal despite his request that one be filed; and by failing to object to the application of the ACCA.

The Supreme Court has held that '[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper function of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To meet this standard, the Court set forth a two-part test. First, a defendant is required to show that counsel's representation fell "below an objective standard of reasonableness." *Id.* at 687-88. In reviewing this prong, the court is to apply a deferential standard, i.e. there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. If a defendant satisfies the first prong, he must also establish that counsel's deficient performance prejudiced him. *Id.* at 691-94. Specifically, he must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

As properly found by the Magistrate Judge in her R&R, and as more fully explained herein, Defendant has failed to satisfy his burden of establishing ineffective assistance of counsel under the applicable standard.

    **A.**     **There is nothing erroneous about the Magistrate Judge's Factual and Procedural History as set forth in the R&R.**

Although Defendant "takes issue" with the factual and procedural history set forth in the R&R, he has failed to establish that it is not an accurate recitation of what occurred in this case. More specifically, Defendant was charged with one count of being a felon in

possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Defendant was also notified that he was facing an enhanced penalty as an armed career criminal in violation of 18 U.S.C. § 924(e). In its notice filing, the Government set forth Defendant's three prior felony convictions that it believed subjected him to the enhanced statutory punishment under the Armed Career Criminal Act ("ACCA").

After extensive plea negotiations, Defendant ultimately entered into a binding Plea Agreement with the United States pursuant to Federal Rule of Criminal Procedure 11(c)(1)(c). In that agreement, Defendant agreed to plead guilty to being a felon in possession of a firearm with the statutory enhancement in exchange for an agreement that any sentence imposed for his supervised release violation in case 2:01-cr-59 would run concurrently with the agreed-upon 180-month term of imprisonment on the felon in possession charge. Defendant also agreed to waive his right to appeal. However, he did not waive his right to collaterally attack the guilty plea, conviction, and/or sentence.

During the plea colloquy, the undersigned asked Defendant a series of questions to make certain that he understood the terms of the agreement. That included making sure he understood the binding nature of the agreement, that is, once the Court accepted the agreement, it would be bound to sentence him as recommended in the agreement. Despite Defendant's protestations to the contrary in his motion, he acknowledged multiple times that he understood the binding nature of the agreement and that he would be sentenced to 180 months if the Court accepted the agreement.

As is the Court's practice whenever a plea agreement contains an appellate waiver, the undersigned also reviewed the waiver with Defendant, insuring that he understood exactly what he was waiving. After complying with Rule 11(b)(1)(N), the Court found that

4

Defendant's waiver of his appellate rights was both knowing and voluntary and that he understood the consequences of the waiver.

The Court also discussed Defendant's prior convictions with counsel and whether those convictions were qualified, predicate offenses for ACCA purposes. The prosecutor explained the three prior felonies that were the basis for the ACCA enhancement. Defense counsel acknowledged that he had researched the law and had performed his due diligence to make sure that the sentence being proposed in the binding Agreement was, in fact, a proper sentence.

On January 25, 2013, the undersigned sentenced Defendant to 180 months imprisonment on the felon in possession of a firearm charge, and to 54 months on the supervised release violation in 2:01-cr-59, to run concurrently with the 180-month term. That sentence was the same one as recommended in the parties' plea agreement. Consistent with the waiver provision, and the Court's statements to Defendant during the plea colloquy, no appeal was filed.

On August 19, 2013, Defendant filed the pending § 2255 motion presenting the two claims of ineffective assistance of counsel set forth above. Attorney David Sloan was appointed to represent Defendant at the evidentiary hearing which was held on December 10, 2013. During that hearing, both Defendant and his trial counsel, Robert Lotz, testified. Upon considering the testimony at the hearing, and finding that Mr. Lotz's testimony was more credible, Magistrate Judge Smith recommended that the § 2255 motion be denied. Defendant's objections were timely filed.

> **B. The Magistrate Judge's factual conclusion that Defendant did not instruct Attorney Lotz to file a notice of appeal on his behalf is fully supported by the record and will not be overturned.**

As fully explained by the Magistrate Judge in her R&R, Defendant's testimony that he expressly directed Mr. Lotz to file an appeal is not credible. Because Defendant's testimony is contrary to practically all of the other credible evidence, the Court wholeheartedly agrees with the Magistrate Judge's credibility finding.

During his testimony, Defendant said he told Mr. Lotz to file a notice of appeal but acknowledged on cross examination that Lotz had reviewed his plea agreement with him, and he knew that it contained a provision that included a waiver of his appellate rights. The undersigned also painstakingly went over the waiver provision with him, ensuring that he understood he would not be able to appeal his sentence. Defendant's further testimony that despite the Agreement's express provision that he did not have a right to appeal and the Court's specific discussion of the effect of the waiver provision, he thought he could still appeal the application of the ACCA enhancement because Mr. Lotz told him he could is also not credible.

Attorney Lotz testified that he explained the waiver provision in the plea agreement with the Defendant, and specifically explained that the agreement did not preserve any right for a direct appeal. Mr. Lotz also explained that he never told the Defendant that despite this waiver he could still appeal certain issues. One fact in this regard is crucial to the Court agreeing with the Magistrate Judge. Mr. Lotz testified that he had attempted to negotiate a conditional plea agreement that would have expressly preserved Defendant's right to appeal certain issues, but that the AUSA rejected that request. Mr. Lotz provided Defendant a copy of that rejection letter.

In his objections, Defendant takes issue with the Magistrate Judge's emphasis on the fact that he was required to respond to Lotz's letter wherein he told him he would be

closing out his file and taking no further action on his behalf (Doc. # 81 at 9).  Mr. Lotz's letter is significant not for placing any burden on Defendant.  Rather, it is important in assessing the relative credibility of Defendant and Mr. Lotz on the critical issue of whether Defendant instructed Lotz to file an appeal.  If Defendant had indeed told Lotz to file a notice of appeal as he exited the courtroom, then that letter, and more importantly its contents, makes no sense whatsoever in the context of the case.  Mr. Lotz has a reputation among the federal judges as being one of the most thorough attorneys in the Covington bar.  If the Defendant had requested that he file an appeal he most assuredly would have filed the notice of appeal despite knowing it would have no merit.

Additionally, if, as Defendant contends, he had instructed Mr. Lotz to file an appeal while he was still in the courtroom after his sentencing, the Defendant would have most assuredly taken some action, either directly or indirectly, upon his receipt of Lotz's January 25, 2013, letter informing Defendant that his representation had concluded and that he would not be taking any further action in his case unless Beard further contacted him.  This lack of action by Defendant is yet another reason why the Magistrate Judge concluded Defendant's story was not credible.

The Court agrees with the Magistrate Judge and find credible Mr. Lotz's testimony that the Defendant did not instruct him to file a notice of appeal.  *See e.g. United States v. Davidson*, No. 6:06-407, 2008 WL 170507, at *14 (E.D. Ky. Jan. 17, 2008) (finding counsel's testimony credible where counsel provided a detailed account of the events and described regular practices he followed with respect to a defendant's appeal rights).  In these circumstances, Mr. Lotz was not under any obligation to file a notice of appeal on Defendant's behalf, and his failure to do so did not amount to constitutionally deficient

representation. *See e.g. United States v. Vice*, No. 5:11-cv-152-DCR, 2014 WL 1168619, at *7 (E.D. Ky. Mar. 21, 2014) (ineffective assistance of counsel claim lacked merit where no credible evidence presented of defendant's express request that counsel file an appeal).

For all of these reasons, Defendant's objections on this issue are overruled, and the R&R is adopted in full on this issue.

> **C.     Mr. Lotz's Failure to Object to the Application of the ACCA did not amount to ineffective assistance of counsel.**

Beard also objects to the Magistrate Judge's recommendation that there was no ineffective assistance of counsel when Mr. Lotz did not object to his ACCA designation. Because such an argument would have had not merit, Defendant's objection on this issue will be overruled.

A defendant who violates 18 U.S.C. § 922(g) is subject to 18 U.S.C. § 924(e) which states that if the Defendant "has three previous convictions ... for a serious drug offense[1], ... committed on occasions different from one another, such person shall be ... imprisoned not less than fifteen years ...." (emphasis added). "To trigger a sentence enhancement under the ACCA, a defendant's prior felony convictions must involve separate criminal episodes." *United States v. Martin*, 526 F.3d 926, 938 (6th Cir.2008) (citations omitted). "Offenses are considered distinct criminal episode if they occurred on occasions different from one another[,]" which may be established "if it is possible to discern the point at which the first offense is completed and the second offense begins." *Id.* at 939 (internal quotations omitted) (citations omitted).

---

[1] There is no dispute that the three (3) drug convictions identified on page 11 of the R&R qualify as "serious drug offenses" for ACCA purposes.
8

In this case, Defendant argues that the two convictions from 2001 should have been counted as only one conviction because although they were committed on 2 separate dates (January 30, 2001 and April 27, 2001), they do not represent 2 distinct crimes. According to Defendant, they were the continuation of the "same activity over a period of time." Therefore, posits Defendant, because it is impossible to discern the point in which the first offense is completes and the second offense begins, they should be counted together for ACCA purposes. Such an argument has been uniformly rejected in the ACCA context.

For instance, In *United States v. Roach*, 958 F.2d 679 (6th Cir.), *cert. denied*, 506 U.S. 845 (1992), the Sixth Circuit held that drug trafficking offenses perpetrated in close temporal proximity, separated by only a matter of days, were committed on occasions different from one another. Therein, the District Court concluded that Roach had four predicate convictions under the ACCA, three of which were serious drug offenses committed 15 days apart. *Id.* at 682-83. Roach argued that these three offenses did not qualify as predicate offenses under the ACCA, given their temporal proximity. The *Roach* court rejected that contention, concluding that, as long as the offenses are committed on occasions different from one another, they constituted separate predicate offenses under the ACCA. *Id.* at 684. *See also United States v. Banner*, 518 F.App'x 404, 406 (6th Cir. 2013). In *Banner*, the court held that three drug offenses committed across a fifteen-day span constituted separate criminal episodes under the ACCA because each offense occurred on a separate day. Because there was a distinct separation between the beginning and ending of each offense, they were counted separately for ACCA purposes.

Other circuits have reached the same conclusion under similar factual circumstances. *See e.g. United States v. Johnson*, 130 F.3d 1420, 1430-31 (10th Cir.

9

1997) (prior convictions for drug trafficking offenses that occurred three days apart were committed on occasions different from one another under the ACCA), *cert. denied*, 525 U.S. 829 (1998); *United States v. Maxey*, 989 F.2d 303, 306-07 (9th Cir. 1993) (two sales of PCP-laced cigarettes occurring within 24 days of each other were separate predicate convictions under the ACCA); *United States v. Kelley*, 981 F.2d 1464, 1473-74 (5th Cir.) (two deliveries of cocaine two weeks apart in different counties were separate offenses for purposes of the ACCA), cert. denied, 508 U.S. 944 (1993); *United States v. Samuels*, 970 F.2d 1312, 1315 (4th Cir. 1992) (two drug offenses one day apart were committed on occasions different from one another under the ACCA); *United States v. McDile*, 914 F.2d 1059, 1061-62 (8th Cir.1990) (sales of drugs on September 15, November 15, 17, and 23, 1983, were separate offenses for purposes of the ACCA), *cert. denied*, 498 U.S. 1100 (1991); *see also United States v. Hill*, 440 F.3d 292 (6th Cir. 2006) (two burglaries occurring immediately after each other, at properties located across the street from one another, were committed on occasions different from one another under the ACCA).

Here, the predicate offenses at issue in the December 19, 2001, conviction were committed on different days, January 30, 2001 and April 27, 2001, almost 3 months apart. As a result, Defendant had three prior drug offenses that were committed on different occasions: April 24, 1998, January 30, 2001, and April 27, 2001. Therefore, he qualified for the enhanced statutory sentence under the ACCA.

Because Defendant was properly classified under the ACCA, it would have been futile for Mr. Lotz to have argued otherwise, and his failure to have done so does not constitute the ineffective assistance of counsel. *See United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) (failure of defense counsel to pursue frivolous motions and

10

objections cannot constitute ineffective assistance of counsel). *See also Vititoe v. United States*, Nos. 3:08-cr-94, 3:10-cv-379, 2013 WL 4757424, at *4 (E.D. Tenn. Sept. 4, 2013) (court denied ineffective assistance of counsel claim based on counsel's failure to argue predicate offenses constituted one episode under ACCA because no intervening arrest and crimes were charged in one indictment). Additionally, there was no prejudice to the Defendant by any such failure because there is no showing that but for counsel's failure to object, "the result of the proceeding would have been different." *See Strickland*, 466 U.S. at 694. For all of these reasons, Defendant's ineffective assistance of counsel claim on this issue fails, and his objections to the contrary overruled.

**D.     No certificate of appealability will issue**.

No certificate of appealability shall issue in this matter. "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).. In order for a certificate to issue, Defendant must be able to show that reasonable jurists could find in his favor, and the "question is the debatability of the underlying federal constitutional claim, not the resolution of that debate." *Miller–El v. Cockrell*, 537 U.S. 322, 342 (2003). In this case, reasonable jurists would not debate the denial of Defendant's § 2255 motion on the grounds raised or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See id.*

**IV.     Conclusion**

Accordingly, for the reasons stated herein, **IT IS ORDERED AND ADJUDGED** that:

(1)     Defendant's objections (Doc. # 82) to the Magistrate Judge's R&R are hereby **OVERRULED**;

(2) The Magistrate Judge's R&R (Doc. # 81) is hereby **ADOPTED** as the Findings of Fact and Conclusions of Law of the Court;

(3) Defendant's Motion to Vacate, Set Aside or Correct Sentence (Doc. # 53) is hereby **DENIED**;

(4) The Court certifies that, for the reasons previously set forth in the R&R of the Magistrate Judge (Doc. # 81), as well as those stated herein, there would be no arguable merit for an appeal in this matter and, therefore, **no certificate of appealability will issue**; and

(5) This matter is hereby **DISMISSED WITH PREJUDICE** , and stricken from the Court's docket.

This 25th day of August, 2014.



Signed By:
David L. Bunning
United States District Judge

G:\DATA\ORDERS\Covington Criminal\2012\12-11 Order Adopting R&R re 2255.wpd